IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SECURITY NATIONAL PROPERTIES ) | Case No. 11-13277 (KG) |
| FUNDING III, LLC, et al.,[1] ) | |
| ) | Joint Administration Requested |
| Debtors. ) | **Re: D.I. 12** |
| ) | |

**INTERIM ORDER PURSUANT TO SECTIONS 361, 363, 503, AND 507
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001
(I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING
ADEQUATE PROTECTION, (III) SCHEDULING
A FINAL HEARING ON USE OF CASH COLLATERAL**

Upon review of the motion (the "Motion")[2] of Security National Properties Funding III, LLC, ITAC 190, LLC, Security National Properties Funding, LLC, Security National Properties Funding II, LLC, Sequoia Investments III, LLC, Sequoia Investments V, LLC, Sequoia Investments XIV, LLC, Sequoia Investments XV, LLC, Sequoia Investments XVIII, LLC, and Security National Properties-Alaska, LLC, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), seeking (i) authorization of the Debtors' use of money that may represent "cash collateral" (to the extent such money is "cash collateral" as defined in section 363(a) of the Bankruptcy Code, the "Cash Collateral"), (ii) providing adequate protection to the Prepetition Agents (as defined below) and the Lenders for any

---

[1] These jointly administered cases are those of the following debtors: Security National Properties Funding III, LLC (4558), ITAC 190, LLC (4378), Security National Properties Funding, LLC (4037), Security National Properties Funding II, LLC (9204), Sequoia Investments III, LLC (7204), Sequoia Investments V, LLC (5313), Sequoia Investments XIV, LLC (1115), Sequoia Investments XV, LLC (3814), Sequoia Investments XVIII, LLC (6160), and Security National Properties – Alaska, LLC (6563). The mailing address for all of the Debtors for the purpose of these cases is 3050 Westfork Drive, Baton Rouge, LA 70816.

[2] Capitalized terms used, but not defined, herein shall have the meanings set forth in the Motion.

1

diminution in value of their respective interests in the Cash Collateral; and (iii) scheduling a final hearing (the "Final Hearing") to consider the relief requested in the Motion and the entry of a Final Cash Collateral Order, and approving the form of notice with respect to the Final Hearing; all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion and Hearing (as defined below) to: (a) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (b) counsel for Bank of America, agent of the Debtors' prepetition lending syndicate, and (c) the United States Trustee for the District of Delaware (the "Notice Parties"); and the Court having held a hearing to consider the requested relief (the "Hearing"); and upon the Declaration, the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and therefor,

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  <u>Petition Date:</u> On October 13, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code.

B. <u>Debtors in Possession.</u> The Debtors are continuing to manage and operate their business and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

C. <u>Jurisdiction.</u> The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157 and 1334, over these cases and proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

D. <u>Statutory Committee.</u> As of the date hereof, the United States Trustee for the District of Delaware (the "U. S. Trustee") has not yet appointed an official committee of unsecured creditors in these cases pursuant to section 1102 of the Bankruptcy Code (a "Statutory Committee").

E. <u>Parties with Interest in Cash Collateral.</u> The parties with an alleged interest in Cash Collateral are Bank of America, N.A. ("BofA"), in its capacity as Administrative Agent (the "Administrative Agent") for itself and other lenders under the Prepetition Credit Agreement (as defined below) (collectively, including BofA, the "Lenders") and Banc of America Securities LLC, as Sole Lead Arranger and Sole Book Manager (together with the Administrative Agent, the "Prepetition Agents"); provided that, (i) nothing herein shall be construed as an admission by the Debtors that any money or property in their possession, custody or control or that comes into their possession, custody or control is Cash Collateral; and (ii) nothing herein shall be construed as an admission by the Debtors that the Prepetition Agents or any Lender has any valid,

perfected and/or unavoidable liens or claims against the Debtors, their estates or their property.

F.	Necessity of Relief Requested. The Debtors do not have sufficient available sources of working capital and financing to operate their business in the ordinary course or to maintain their properties without the use of Cash Collateral during the Specified Period (as defined below). Without Cash Collateral, the continued operation of the Debtors' business during the Specified Period would not be possible and immediate and irreparable harm will result to the Debtors, their estates and creditors, and the possibility for successful chapter 11 cases. The interim relief requested in the Motion, therefore, is necessary, essential, and appropriate for the continued operation of the Debtors' business, and the management and preservation of their properties. Entry of this Interim Order is in the best interests of the Debtors, their estates and their creditors.

G.	Final Hearing At the Final Hearing, the Debtors will seek approval of the relief requested in the Motion for the proposed use of Cash Collateral arrangements on a final basis pursuant to a final order (the "Final Cash Collateral Order"). Notice of the Final Hearing will be provided in accordance with this Interim Order.

H.	Notice. The Debtors have made reasonable efforts to afford the best notice possible of the Interim Hearing and the emergency relief requested in the Motion to the Notice Parties, and under the circumstances, such notice is sufficient to permit the interim relief set forth in this Interim Order. No further notice is required.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. <u>Motion Granted.</u> The Motion is granted, and the use of Cash Collateral on an interim basis is authorized, subject to the terms and conditions set forth in this Interim Order.

2. <u>Objections Overruled.</u> All objections to the Motion to the extent not withdrawn or resolved are hereby overruled.

3. <u>Authorization to Use Cash Collateral.</u> The Debtors are authorized to use Cash Collateral for the period (the "Specified Period") from the Commencement Date through the conclusion of the Final Hearing. Except as otherwise expressly provided herein, Cash Collateral may be used by the Debtors during the Specified Period. This authorization includes using Cash Collateral to (a) maintain their operations and provide funding to affiliates (whether Debtors or non-Debtors), consistent with prepetition practices as set forth in the Cash Management Motion, (b) pay certain prepetition obligations as further described in the Debtors' "first day" motions filed substantially contemporaneously herewith and authorized pursuant to the "first day" orders approving the same, and (c) pay disbursements more fully described in the 13-Week Projection. All controls maintained by any Prepetition Agent on the Sweep Account (as that term is defined in the Cash Management Motion) shall be removed such that the Debtors will have the ability to transfer cash from the Sweep Account to the appropriate operating account so long as such transfers are consistent with the 13-Week Projection including any Permitted Variance (as defined below) therefrom. The term "Permitted Variance" means with respect to each

5

weekly line item in the 13-Week Projection, an amount equal to 15% of the amount set forth in the 13-Week Projection, tested on a rolling four-week basis; provided, however, that the aggregate, cumulative variance for all line items during the Specified Period shall not exceed more than $150,000.

4. <u>Termination.</u> The authorization for the Debtors to use Cash Collateral shall terminate at the expiration of the Specified Period unless otherwise consented to by the Administrative Agent. Nothing in this Interim Order shall authorize the disposition of any assets of the Debtors or their estates outside the ordinary course of business, or any Debtor's use of any Cash Collateral or other proceeds resulting therefrom, except as permitted in this Interim Order or further order of the Court.

5. <u>Adequate Protection.</u> The Administrative Agent is granted the Replacement Liens pursuant to section 361 and 363 of the Bankruptcy Code in (a) all post-petition rents generated by the Qualified Properties and (b) the Qualified Properties. Such Replacement Liens shall have the same priority as the Administrative Agent's prepetition liens in the Cash Collateral and be in an amount equal to the aggregate diminution in value, if any, of the Cash Collateral. As additional adequate protection, the Debtors shall be authorized but not directed to pay (in cash or in kind in the sole discretion of the Debtors) any accrued prepetition interest to the Lenders at the non-default, contract rate and will pay post-petition interest at a rate of 4.5%. All issues concerning the application of adequate protection payments are reserved, and the Court makes no findings on how such payments will be applied to the Lenders' claims.

6. <u>Modification of Automatic Stay.</u> To the extent necessary, the automatic stay under Bankruptcy Code section 362(a) is hereby modified to effectuate all of

the terms and provisions of this Interim Order, including, without limitation to authorize the Debtors to make, and the Lenders to retain and apply, payments made in accordance with the terms of this Interim Order.

7. No Third Party Rights. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary. Without prejudice to any party in interest ability to object to relief on final

8. Binding Effect of Interim Order. Immediately upon entry by the Court basis at Final Hearing (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtors, the Prepetition Agents, the Lenders, all other creditors of any of the Debtors, any committee appointed in these cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of these cases, or upon dismissal of any of these cases. In the event of any inconsistency between the provisions of this Interim Order and any other order (including any "First Day" order), the provisions of this Interim Order shall govern and control. Any payments to be made under any order (including any "First Day" order) shall be made in accordance with this Interim Order and the 13-Week Projection.

9. Final Hearing. The Final Hearing is scheduled for November 8, 2011 at 8:00 a.m. (Eastern Time) before the Honorable Kevin Gross, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware. On or before ~~November~~ October 20, 2011, the Debtors shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with a copy of this Interim Order and the

Motion, on: (a) the Prepetition Agents; (b) any party which has filed prior to such date a request for notices with the Court; and (c) counsel for any Statutory Committee. The Final Hearing Notice shall state that any party in interest objecting to the relief requested in the Motion on a final basis shall file written objections with the Clerk of the Court no later than NOVEMBER 1, 2011 at 4:00 p.m. (Eastern Time), which objections shall be served so as to be received on or before such date by (i) the Notice Parties, (ii) counsel to any Statutory Committee, and (iii) such parties requesting notice pursuant to Bankruptcy Rule 2002.

10. <u>Effect of this Interim Order.</u> This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to the Commencement Date immediately upon execution thereof.

11. <u>Retention of Jurisdiction.</u> This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 18, 2011
      Wilmington, Delaware

                                          THE HONORABLE KEVIN GROSS
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE