IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SECURITY NATIONAL PROPERTIES FUNDING III, LLC, et al.,[1] | Case No. 11-13277 (KG) |
| | Jointly Administered |
| Debtors. | RE: D.I. 435 & 453 |

**INTERIM ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 364(b) AND 503(b)(1) AND FED. R. BANKR. P. 2002 AND 4001, (A) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANTING ADMINISTRATIVE EXPENSE STATUS AND (B) SCHEDULING A FINAL HEARING AND ESTABLISHING RELATED NOTICE REQUIREMENTS**

Upon the motion, dated January 2, 2013 (the "DIP Motion")[2], of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a), 363(b), 364(b) and 503(b)(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001, and Local Rule 4001-2: (A) authorizing the Debtors, on an interim basis pending the Final Hearing and entry of the Final DIP Order, to (i) obtain postpetition unsecured financing up to an aggregate principal amount of $1,200,000 pursuant to the Unsecured Note from Security National Properties Holding Company, LLC, an affiliate of the Debtors (the "Lender"), and (ii) grant administrative priority claims to the Lender; (B) authorizing the Debtors, on a final basis, to (i) obtain postpetition unsecured financing up to an aggregate principal amount of $2,000,000

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Security National Properties Funding III, LLC (4558), ITAC 190, LLC (4378), Security National Properties Funding, LLC (4037), Security National Properties Funding II, LLC (9204), Sequoia Investments III, LLC (7204), Sequoia Investments V, LLC (5313), Sequoia Investments XIV, LLC (4387), Sequoia Investments XV, LLC (3814), Sequoia Investments XVIII, LLC (6160), and Security National Properties-Alaska, LLC (6563). The mailing address for all of the Debtors for the purpose of these cases is 3050 Westfork Drive, Baton Rouge, LA 70816.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

pursuant to the Unsecured Note, and (ii) grant administrative priority claims to the Lender; (C) scheduling the Final Hearing; and (D) granting related relief, in each case, on the terms and subject to the conditions described in this DIP Motion and set forth in the proposed DIP Orders and the Unsecured Note; and the Court having jurisdiction to consider the DIP Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the DIP Motion and the requested relief being a core proceeding pursuant to 28 U.S.C § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the DIP Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the DIP Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the DIP Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The DIP Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to obtain the DIP Facility, pursuant to the terms of the Unsecured Note, to satisfy postpetition working capital and operating expenses in an amount not to exceed $1,200,000 without further order of this Court.

3. For all principal, interest and other obligations now existing or hereafter arising pursuant to this Interim DIP Order, the Unsecured Note and the DIP Facility, Lender is granted and allowed an administrative expense claim pursuant to sections 364(b) and 503(b)(1) of the Bankruptcy Code against the estate of Debtor Security National Properties Funding III, LLC ("SNPF III"). Whether and to what extent Lender shall be granted an administrative

expense claim against the Debtors other than SNPF III (collectively, the "Subsidiary Debtors") is reserved for adjudication at the Final Hearing and all objections of Bank of America and other parties in interest to the allowance and payment of administrative expense claims against the estates of the Subsidiary Debtors (or any one of them) on the basis that the borrowings under the Unsecured Note and DIP Facility did not pay the actual, necessary costs and expenses of preserving the estate of such Subsidiary Debtor are hereby reserved for adjudication at the Final Hearing.

4. The entry of this Interim DIP Order and the allowance to Lender of any administrative expense claim pursuant to this Interim DIP Order, the Unsecured Note and/or the DIP Facility are without prejudice to any rights of setoff that may exist with respect to Lender by reason of any debt or debts owed by Lender to any Debtor.

5. This Interim DIP Order, the Unsecured Note, and the DIP Facility, including without limitation any joint and several liability of the Debtors created under any of the foregoing or the consent of Bank of America to the entry of this Interim DIP Order, are without prejudice to any objection Bank of America may have to any request to substantively consolidate the Debtors' estates or to deem them consolidated for plan purposes.

6. Unless otherwise ordered by the Court after opportunity for a hearing and notice to counsel for Bank of America, the Lender shall not be paid, whether upon an Event of Default or otherwise, from property of any Debtor that is collateral of Bank of America or the Senior Lenders under the Pre-Petition Credit Agreement and related credit and security documents until such time as the secured claims of Bank of America and the Senior Lenders against the applicable borrower or guarantor have been (i) disallowed or (ii) if allowed, such claims have been repaid, satisfied and/or discharged in full in accordance with the applicable

provisions of the Bankruptcy Code.

7. Substantially contemporaneous with their submission of any borrowing request to Lender pursuant to Section 1.C of the Unsecured Note, the Debtors shall cause a copy of such borrowing request to be served on counsel for Bank of America by e-mail as follows: Jeffrey.Kelley@troutmansanders.com.

8. Good cause has been shown for the entry of this Interim DIP Order. The requirements of Bankruptcy Rule 4001(c)(2) to obtain credit pending the Final Hearing have been satisfied.

9. The terms of the Unsecured Note are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration. No approval of the members or managers of the Debtors or Lender or any other approval shall be necessary.

10. The Unsecured Note has been negotiated in good faith and represents fair and commercially reasonable terms among the Debtors and the Lender. All of the Debtors' obligations and indebtedness arising under, in respect of or in connection with the Unsecured Note, have been extended by the Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code. The Lender shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Interim DIP Order or any provision herein is vacated, reversed or modified, on appeal or otherwise.

11. The Debtors are authorized to take all steps necessary to carry out this Interim DIP Order.

12. The Final Hearing is set for February 28, 2013 at 10:00 a.m. (ET) in the

United States Bankruptcy Court for the District of Delaware.

13. Objections to the final approval of the DIP Motion shall be in writing and shall be filed with the Clerk of this Court, on or before February 14, 2013, at 4:00 p.m. (ET), with a copy served upon (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert J. Dehney, Esq.). Any objections by creditors or any other party-in-interest to the DIP Motion shall be deemed waived unless filed and received in accordance with the foregoing.

14. In the event this Court modifies any of the provisions of this Interim DIP Order or the terms of the Unsecured Note following such Final Hearing, such modifications shall not affect the rights and priorities of the Lender pursuant to this Interim DIP Order, and this Interim DIP Order shall remain in full force and effect except as specifically modified pursuant to such Final Hearing.

15. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim DIP Order shall (a) be immediately enforceable, and (b) not be stayed absent the grant of such stay under Bankruptcy Rule 8005 after a hearing upon notice to the Debtors and the Lender.

16. This Court retains jurisdiction to interpret and enforce this Interim DIP Order.

Dated: January **10**, 2013
      Wilmington, Delaware

*/s/ Kevin Gross*
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE