IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SECURITY NATIONAL PROPERTIES FUNDING III, LLC, et al.,[1] | Case No. 11-13277 (KG) |
| Debtors. | Jointly Administered |
| | RE: D.I. 435, 454, 514, 547, 581, 619, 645, 667, 693, 730, 762 & 780 |

**ELEVENTH INTERIM ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 364(b) AND 503(b)(1) AND FED. R. BANKR. P. 2002 AND 4001, (A) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANTING ADMINISTRATIVE EXPENSE STATUS AND (B) SCHEDULING A FINAL HEARING AND ESTABLISHING RELATED NOTICE REQUIREMENTS**

Upon the motion, dated August 9, 2013 (the "DIP Motion")[2], of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 105(a), 363(b), 364(b) and 503(b)(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001, and Local Rule 4001-2: (A) authorizing the Debtors, on an interim basis pending the Final Hearing and entry of the Final DIP Order, to (i) obtain additional postpetition unsecured financing (the "Expanded DIP Facility") up to an aggregate principal amount of $3,000,000 pursuant to the Unsecured Note from Security National Properties Holding Company, LLC, an affiliate of the Debtors (the "Lender"), and (ii) grant administrative priority claims to the Lender;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Security National Properties Funding III, LLC (4558), ITAC 190, LLC (4378), Security National Properties Funding, LLC (4037), Security National Properties Funding II, LLC (9204), Sequoia Investments III, LLC (7204), Sequoia Investments V, LLC (5313), Sequoia Investments XIV, LLC (4387), Sequoia Investments XV, LLC (3814), Sequoia Investments XVIII, LLC (6160), and Security National Properties-Alaska, LLC (6563). The mailing address for all of the Debtors for the purpose of these cases is 3050 Westfork Drive, Baton Rouge, LA 70816.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

1

(B) authorizing the Debtors, on a final basis, to (i) obtain postpetition unsecured financing up to an aggregate principal amount of $3,000,000 pursuant to the Unsecured Note as further amended pursuant to this Eleventh Interim DIP Order (the "Amended Unsecured Note"), and (ii) grant administrative priority claims to the Lender; (C) scheduling the Final Hearing; and (D) granting related relief, in each case, on the terms and subject to the conditions described in this DIP Motion and set forth in the proposed DIP Orders and the Amended Unsecured Note; and the Court having jurisdiction to consider the DIP Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the DIP Motion and the requested relief being a core proceeding pursuant to 28 U.S.C § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the DIP Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the DIP Motion establish just cause for the relief granted herein; and the first interim order (the "First Interim DIP Order") having been entered by this Court on January 10, 2013 [D.I. 454]; and the second interim order (the "Second Interim DIP Order") having been entered by this Court on February 21, 2013 [D.I. 514]; and the third interim order (the "Third Interim DIP Order") having been entered by this Court on March 22, 2013 [D.I. 547]; and the fourth interim order (the "Fourth Interim DIP Order") having been entered by this Court on April 26, 2013 [D.I. 581]; the fifth interim order (the "Fifth Interim DIP Order") having been entered by this Court on June 25, 2013 [D.I. 619]; and the sixth interim order (the "Sixth Interim DIP Order") having been entered by this Court on July 24, 2013 [D.I. 645]; and the seventh interim order (the "Seventh Interim DIP Order") having been entered by this Court on August 15, 2013 [D.I. 667]; and the eighth interim order (the "Eighth Interim DIP Order") having been entered by this Court on September

24, 2013 [D.I. 693]; and the ninth interim order (the "Ninth Interim DIP Order") having been entered by this Court on November 13, 2013 [D.I. 730]; and the tenth interim order (the "Tenth Interim DIP Order") having been entered by this Court on December 19, 2013 [D.I. 762]; and it appearing that the relief requested in the DIP Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The DIP Motion is GRANTED on a further interim basis as set forth herein (the "Eleventh Interim DIP Order").

2. The Debtors are authorized to obtain the Expanded DIP Facility, pursuant to the terms of the Amended Unsecured Note, as hereby further amended, to satisfy postpetition working capital, operating and Chapter 11 Case expenses in an amount not to exceed $3,000,000 without further order of this Court.

3. For all principal, interest and other obligations now existing or hereafter arising pursuant to this Eleventh Interim DIP Order, the Amended Unsecured Note and the Expanded DIP Facility, Lender is granted and allowed an administrative expense claim pursuant to sections 364(b) and 503(b)(1) of the Bankruptcy Code against the estate of Debtor Security National Properties Funding III, LLC ("SNPF III"). Whether and to what extent Lender shall be granted an administrative expense claim against the Debtors other than SNPF III (collectively, the "Subsidiary Debtors") is reserved for adjudication at the Final Hearing and all objections of the Administrative Agent and other parties in interest to the allowance and payment of administrative expense claims against the estates of the Subsidiary Debtors (or any one of them) on the basis that the borrowings under the Amended Unsecured Note and Expanded DIP Facility

did not pay the actual, necessary costs and expenses of preserving the estate of such Subsidiary Debtor are hereby reserved for adjudication at the Final Hearing.

4. The entry of this Eleventh Interim DIP Order and the allowance to Lender of any administrative expense claim pursuant to this Eleventh Interim DIP Order, the Amended Unsecured Note and/or the Expanded DIP Facility are without prejudice to any rights of setoff that may exist with respect to Lender by reason of any debt or debts owed by Lender to any Debtor.

5. This Eleventh Interim DIP Order, the Amended Unsecured Note, and the Expanded DIP Facility, including without limitation any joint and several liability of the Debtors created under any of the foregoing or the consent of the Administrative Agent to the entry of this Eleventh Interim DIP Order, are without prejudice to any objection the Administrative Agent may have to any request to substantively consolidate the Debtors' estates or to deem them consolidated for plan purposes.

6. Unless otherwise ordered by the Court after opportunity for a hearing and notice to counsel for the Administrative Agent, the Lender shall not be paid, whether upon an Event of Default or otherwise, from property of any Debtor that is collateral of the Administrative Agent or the Senior Lenders under the Pre-Petition Credit Agreement and related credit and security documents until such time as the secured claims of the Administrative Agent and the Senior Lenders against the applicable borrower or guarantor have been (i) disallowed or (ii) if allowed, such claims have been repaid, satisfied and/or discharged in full in accordance with the applicable provisions of the Bankruptcy Code.

7. Substantially contemporaneous with their submission of any borrowing request to Lender pursuant to Section 1.C of the Amended Unsecured Note, the Debtors shall

cause a copy of such borrowing request to be served on counsel for the Administrative Agent by e-mail as follows: Jeffrey.Kelley@troutmansanders.com.

8. Good cause has been shown for the entry of this Eleventh Interim DIP Order. The requirements of Bankruptcy Rule 4001(c)(2) to obtain credit pending the Final Hearing have been satisfied.

9. The terms of the Amended Unsecured Note are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration. No approval of the members or managers of the Debtors or Lender or any other approval shall be necessary.

10. The Amended Unsecured Note has been negotiated in good faith and represents fair and commercially reasonable terms among the Debtors and the Lender. All of the Debtors' obligations and indebtedness arising under, in respect of or in connection with the Amended Unsecured Note, have been extended by the Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code. The Lender shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Eleventh Interim DIP Order or any provision herein is vacated, reversed or modified, on appeal or otherwise.

11. Second 5 of the Unsecured Note is hereby amended and replaced with the following:

> Unless otherwise agreed in writing by the Lender, all sums due under this Note, both principal and interest, if not sooner paid, shall be due and payable on the earlier of: (a) the Effective Date of the Plan; (b) the occurrence of an Event of Default (as defined below); and (c) March 31, 2014 (such dates, the "<u>Maturity Date</u>").

12. Section 10.A of the Unsecured Note is hereby amended and replaced with the following:

Each of the following shall be a default under this Note (collectively, the "Events of Default"): (a) failure to make a payment of any amount due hereunder on the Maturity Date and such failure continues for ten days without being cured; (b) the conversion of any of the Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code; (c) appointment of a trustee for any of the Makers; (d) the Bankruptcy Court shall enter any order granting relief from the automatic stay applicable under section 362 of the Bankruptcy Code to a holder of any security interest to permit foreclosure (including under Article 9 of the Uniform Commercial Code and/or applicable state law) on any of the assets of any Maker or to exercise any remedy with respect to any membership interest in any Maker; (e) the appointment of an examiner with expanded powers in any Maker's Chapter 11 Case; (f) an unstayed Final DIP Financing Order is not entered by the Bankruptcy Court on the docket in the lead Chapter 11 Case on or before April 3, 2014; (g) an unstayed interim order in a form acceptable to Lender that extends for the period through at least February 14, 2014, the Makers' right to use of cash collateral in which the Administrative Agent asserts an interest is not entered by the Bankruptcy Court on the docket of the lead Chapter 11 Case by January 31, 2014 (the "Twenty-First Interim Cash Collateral Order"); (h) an unstayed final order in a form acceptable to Lender that extends for the period through the earlier of April 30, 2014 or the effective date of the Debtors' plan of reorganization (as the same may be further amended, modified or supplemented hereafter with the consent of the Lender), the Makers' right to use of cash collateral in which the Administrative Agent asserts an interest is not entered by the Bankruptcy Court on the docket of the lead Chapter 11 Case by February 28, 2014 (the "Final Cash Collateral Order"); (i) any order of the Bankruptcy Court or any appellate court shall be entered staying, reversing, modifying or vacating, in whole or in part, the Interim DIP Financing Order (including any order approving the Interim DIP Financing Order on a further interim basis), the Final DIP Financing Order, Twenty-First Interim Cash Collateral Order, and/or the Final Cash Collateral Order; (j) any order shall be entered denying a motion, application or request of any Debtor to use of cash collateral in which the Administrative Agent asserts an interest shall be entered at any time prior to the Maturity Date; (k) the entry of an order of the Bankruptcy Court denying confirmation of the Plan; and (l) any order of the Bankruptcy Court or any appellate court shall be entered staying, reversing, modifying or vacating any order confirming the Plan.

13.   The Budget attached to the Unsecured Note as Exhibit 1 is hereby

amended and replaced by the budget attached hereto as **Exhibit 1**.

14. All other provisions, terms, conditions and the like of the Unsecured Note shall remain effective, in full force and effect without change.

15. The Debtors are authorized to take all steps necessary to carry out this Eleventh Interim DIP Order.

16. The Final Hearing is set for February 11, 2014 at 10:00 a.m. (ET) in the United States Bankruptcy Court for the District of Delaware.

17. Objections to the final approval of the DIP Motion shall be in writing and shall be filed with the Clerk of this Court, on or before February 4, 2014 at 4:00 p.m. (Eastern Time), with a copy served upon (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert J. Dehney, Esq.). Any objections by creditors or any other party-in-interest to the DIP Motion shall be deemed waived unless filed and received in accordance with the foregoing.

18. In the event this Court modifies any of the provisions of this Eleventh Interim DIP Order or the terms of the Amended Unsecured Note following such Final Hearing, such modifications shall not affect the rights and priorities of the Lender pursuant to this Eleventh Interim DIP Order, and this Eleventh Interim DIP Order shall remain in full force and effect except as specifically modified pursuant to such Final Hearing.

19. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Eleventh Interim DIP Order shall (a) be immediately enforceable, and (b) not be stayed absent the grant of such stay under Bankruptcy Rule 8005 after a hearing upon notice to the Debtors and the Lender.

Case 11-13277-KG    Doc 785    Filed 01/14/14    Page 8 of 8

20. This Court retains jurisdiction to interpret and enforce this Eleventh Interim DIP Order and the Amended Unsecured Note.

Dated: January 14, 2014
Wilmington, Delaware

*Kevin Gross*
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE